## MERRILL'S CASE

### Lincoln. Opinion April 21, 1927.

*Section thirteen of the Workmen's Compensation Act applies when the employee dies as a result of the injuries leaving no dependents at the time of the injury.*

*In its amended form, section ten of the act authorizes the Industrial Accident Commission to enlarge the thirty day period therein mentioned when in its discretion the nature of the injury or the process of recovery require it, even though the services are rendered during the last sickness of the injured employee.*

In the instant case section thirteen of the Workmen's Compensation Act does not apply.

On appeal. Petition of Bertha B. Merrill, dependent widow of Kiah B. Merrill, to fix the amount to be allowed for medical, surgical and hospital services rendered to her husband while living and during his last sickness. The Industrial Accident Commission fixed the amount of such bills and ordered them paid by the employer, and from an affirming decree respondents appealed. Appeal dismissed. Decree below affirmed with taxable costs in behalf of the petitioner.

The case appears in the opinion.

*C. R. Tupper*, for petitioner.

*Robert Payson*, for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

PHILBROOK, J. This is a workmen's compensation case in which the plaintiff is Bertha B. Merrill, dependent widow of Kiah B. Merrill, and the defendants are the Reed-Cook Marine Construction Company and the Employers Liability Assurance Corporation.

On or about the fifth day of February 1925, Kiah B. Merrill received compensable injuries while in the employ of the Reed-Cook Marine Construction Company. Subsequent to the injuries, the

said Kiah B. Merrill and the respondents entered into an agreement in regard to compensation which was duly approved by the Labor Commissioner on March 11, 1925. On April 8, 1925, Merrill died as a result of said injuries, and under decree of the Industrial Accident Commission, in accordance with the statute in such cases made and provided, the respondents paid compensation to said Bertha B. Merrill in the sum of sixteen dollars per week.

During the period between February 5, 1925 and April 8, 1925, said Kiah B. Merrill received certain medical attention and services in the total sum of $102.50.

On the eighteenth day of December 1925, the dependent widow filed with the Industrial Accident Commission a petition to fix the amount to be allowed for said medical, surgical and hospital services rendered to her husband while living, declaring that because of the injury to her husband these medical services were needed and furnished and that said services and charges are reasonable. On the thirteenth day of January 1926, the respondents filed answer. Omitting such parts of the answer as are not material to the issue here, it may be stated that the contentions raised by the defendants are as follows:

(a). That the medical services, payment for which was asked, were rendered between the dates of February 5, 1925, and April 8, 1925, which period constituted the period of Kiah B. Merrill's last sickness.

(b). That the only provision in the Workmen's Compensation Act for payment of medical expenses for last sickness is found in section thirteen of said act, as now amended, which section only operates in cases where no dependency exists either in law or in fact.

(c). That when dependency exists, either in law or in fact, as in this case, there is no provision for the payment of medical expenses for the last sickness.

(d). That section ten of the compensation act does not cover cases of death, and therefore cannot be invoked to compel payment of medical expenses for the last sickness.

This answer raises question of law. There is no contest as to the amount of any of the doctors' bills. An agreed statement between the parties was made and submitted to the Industrial Accident Commission. Without quoting the agreement in full, the essential parts are that Kiah B. Merrill received a personal injury by accident aris-

ing out of and in the course of his employment for the defendant construction company on February 5, 1925; that Mr. Merrill died as a result of his injury on April 8, 1925, leaving as dependent, within the terms of the Workmen's Compensation Act, a widow, Bertha B. Merrill, who is now receiving compensation; that during the period from February 5, 1925, he received the medical treatment, which the plaintiff now seeks to have paid for in the matter under consideration.

The Industrial Accident Commission, in rendering its decree ordering payment for the medical services, held that section thirteen of the Workmen's Compensation Act referred only to those cases where the injured party died as a result of the injury leaving no dependents at the time of the injury, and hence that section did not enter into the consideration of the case by the Commission.

The Commission further held that the only other section of the act which provides what employers must pay in regard to medical aid is section ten of the act. This section reads as follows:

"During the first thirty days after the accident, the employer shall promptly furnish reasonable medical, surgical and hospital services, nursing and medicines and mechanical surgical aids when they are needed. The amount of such medical, surgical, and hospital services, nursing, medicines and mechanical surgical aids shall not exceed one hundred dollars unless a longer period or a greater sum is allowed by the commission, which in their discretion, they may allow when the nature of the injury or the process of recovery requires it. In case incapacity does not begin at the time of the accident, the thirty day period shall commence at the time said incapacity begins. Whenever the employer and the employee are unable to agree upon the amount to be allowed for such medical, surgical and hospital services, nursing, medicines and mechanical surgical aid, the amount shall be fixed by the commission upon petition of either party setting forth the facts. In case of emergency or other justifiable cause the employee shall have the right to select a physician other than the one provided by the employer, and the reasonable cost of his services shall be paid by the employer subject to the approval of the Industrial Accident Commission. Such approval shall be granted only when the commission finds that there was such emergency or justifiable cause and in all cases, that the services were adequate and necessary and the charges reasonable."

In accordance with the agreed statement last above referred to, and by virtue of the terms of section thirteen of the Compensation Act, we agree with the Commission that this section does not entitle the dependent plaintiff for the bills herein under consideration. It remains only for us to determine whether such recovery may be had under section ten.

In reaching its conclusion the Commission, after admitting the inapplicability of section thirteen, said

"Where then shall we look for guidance if not to the only other section of the Act which tells us what employers must pay in regard to medical aid, to wit, Sec. 10?

This section, amended, broadened, and liberalized in 1919, was designed to cover all cases not otherwise provided for."

This section has just been quoted in full. Before its amendment it read thus: "During the first two weeks after the injury the employer shall furnish reasonable medical and hospital services, and medicines when they are needed, but the amount of the charge for such services and medicines shall not exceed the sum of thirty dollars, unless in case of major surgical operations being required, and the employer and employee being unable to agree upon the same, the amount to be allowed for such medical services or medicines shall be fixed by the Commission upon petition by either party setting forth the facts." By comparison of the original section with the amendment thereof it will be seen that the latter made these changes:

(a). The time was enlarged from two weeks to thirty days;

(b). The word "injury" was changed to "accident."

(c). The employer was obliged to "promptly" furnish "surgical" services, "nursing," also "mechanical surgical aids," and enlarged the sum to be paid from thirty dollars to one hundred. These may be regarded quite properly as verbal changes.

But a more important addition made by the amendment is found in the words, "unless a longer period or a greater sum is allowed by the Commission which, in their discretion, they may allow when the nature of the injury or the process of recovery requires it."

Further additions are made by the amendment but they do not affect the present controversy.

As above indicated, certain facts are beyond controversy, namely, that Mr. Merrill died as the result of the injuries, that the period of time between the date of the injuries, February 5, 1925, and the date

of the death, April 8, 1925, both dates included, was sixty-two days; that the medical services in controversy were rendered during those days; which days constituted Mr. Merrill's "last sickness." *Huse v. Brown*, 8 Maine, 167. "The sickness which is terminated by the death of a patient in his last sickness."

The respondents urge that the words "last sickness" do not appear in section ten but appear only in section thirteen, and hence allege that the meaning of this expression is the crux of the case.

Section thirteen contains four elements: (a) death as the result of injury; (b) no known dependents at the time of the injury; (c) employer to pay reasonable expenses of last sickness and burial; (d) expenses so paid to be deducted from any compensation found to be due to persons who, within one year after death, appear before the Commission and prove their right to compensation. Reduced to its lowest terms, the legislature insured ministration to the injured, and Christian burial, without charge upon his estate, if any he should leave, in case of no dependents, but in event of compensation on account of dependency later established the employer is to be credited with amounts so paid for "last sickness and burial."

So far as this controversy is concerned, section ten contains three important elements; (a) prompt furnishing by the employer of medical, surgical and hospital services, nursing and medicines, and mechanical surgical aids when they are needed, to a certain amount and for a certain time; (b) in the discretion of the Commission the amount and time may be enlarged when the nature of the injury or the process of recovery requires it; (c) when the interested parties are unable to agree upon the amount, and by fair deduction the legislature also intended the length of time, the Commission may settle the controversy.

While section thirteen provides certain obligations upon the employer and granted him certain rights of credit accruing to him because of expenses of "last sickness and burial" which must be or have been paid, yet it does not follow that this section is peculiarly exclusive of other provisions of the act. Nor does it attempt to declare that, because those things are furnished which must be furnished under section ten, such furnishing or payment of just charges therefor are affected by the fact that the injured employee chances to die instead of recovering.

In short, "last sickness and burial" expenses are affected by the existence or non-existence of dependents, while section ten demands furnishing of and payment for the things therein named without regard to whether the patient lives or dies, or furnished in a case which proves to be a "last sickness" case.

It is our opinion that section ten is applicable to the instant case; that the Commission exercised sound discretion; and that their finding and order must be sustained.

> *Appeal dismissed;*
> *Decree below affirmed with taxable costs*
> *in behalf of the petitioner.*